UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-02099-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 15) |
| PREMIER ONE HOLDINGS, INC., et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiff's motions for an extension of time to serve ALAM Investment Limited Co. ("ALAM") and for leave to serve it by publication. Docket No. 15. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend is **GRANTED**, and the motion to serve by publication is **DENIED** without prejudice.

**I.   Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on ALAM by 60 days.

**II.   Motion for Leave to Serve by Publication**

Plaintiff seeks leave to serve ALAM by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by

1  publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Plaintiff attempted to serve ALAM through its registered agent (Chi Ming Kwok), but the process server was notified that the registered agent was not at that address and the person who has been at that address for four years has no knowledge of ALAM or its registered agent. *See* Docket No. 15-1. Moreover, Plaintiff has attempted to located ALAM through reviewing filings in other courts and attempting to skip trace ALAM. Docket No. 15-2 at ¶ 4. To date, all such efforts have been fruitless. At the same time, it is unclear what further efforts (if any) have been undertaken to locate Chi Ming Kwok for further attempts at service. Moreover, the Nevada Secretary of State also identifies Mandy Chiu Maan Lam as the director of ALAM, *e.g.*, *Gerritsen v. Warner Bros. Enterm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (courts may take judicial notice of business records on Secretary of State websites), and Plaintiff has not indicated if it has undertaken any efforts to locate Ms. Lam to enable service in this case. Especially given the disfavored nature of service by publication and the due process rights involved, the Court finds the efforts identified insufficient to show that service by publication should be allowed given the absence of further efforts being identified to locate ALAM through its officers.

//

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** the motion to extend the deadline to effectuate service. The deadline to serve ALAM is extended by 60 days. The Court **DENIES** without prejudice the motion to serve ALAM by publication. If Plaintiff is unable to serve ALAM by the extended deadline, it may file a renewed motion for service by publication explaining the additional steps that have been taken to locate and serve ALAM.

IT IS SO ORDERED.

DATED: December 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge